UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO, | |
| Plaintiff, | **08-CV-4320 (SAS)** |
| v. | |
| | **ANSWER** |
| LUCAS DISTRIBUTION, INC., et al. | |
| Defendants. | **ECF Case** |

Defendants Lucas Distribution, Inc. ("Lucas Distribution"), Lucas Entertainment, Inc. ("Lucas Entertainment"), Lucas Productions, Inc. ("Lucas Productions") and Michael Lucas, incorrectly sued here as Andrei Treivas Bregman p/k/a Michael Lucas (collectively, "Defendants"), by their undersigned counsel, as and for their Answer to the Complaint dated April 30, 2008 filed herein by Plaintiff LBB Corporation d/b/a Spunk Video ("Spunk"), hereby allege as follows[1]:

1.      Admit that Michael Lucas is a pornographic film star and otherwise deny the allegations of first and second sentences.  Admit the third sentence except deny that Mr. Lucas engages in the mentioned activities in his personal capacity.  Admit that *Raw Twinks in Czech* is a subject of this action and deny the other allegations of the fourth sentence.  Deny the remaining allegations of the first paragraph, **and aver that the acts alleged in the Complaint were licensed according to the terms of the written license agreement between Lucas Entertainment, Inc. and Roman Senko, the producer of the film in question, entitled *Raw Twinks in Czech*.  A copy of that agreement is annexed hereto as Exhibit A, and Defendants respectfully refer the Court to said license agreement for a recitation of the terms thereof.**

---

[1] The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except deny that LBB is the worldwide owner of all right title and interest in and to the Work.

3.      Admit.

4.      Admit except deny that Lucas Entertainment, Inc. is organized under the laws of Delaware.

5.      Admit.

6.      Admit except aver that Michael Lucas's legal name is Michael Lucas, not Andrei Treivas Bregman.

7.      Deny as to Lucas Productions; admit otherwise.

8.      Admit.

9.      Admit.

10.     Deny.

11.     Deny as to Lucas Productions and Michael Lucas.  Admit that Lucas Entertainment operates lucasentertainment.com, lucasblog.com and michaellucas.com, and admit that Lucas Distribution operates lucasdistribution.com.  Deny the remaining allegations of Paragraph 11.

12.     Deny as to Lucas Productions.  Admit that as an officer of Lucas Distribution and of Lucas Entertainment, Mr. Lucas has at times managed, directed and supervised certain actions of some employees and admit that in said capacity, Mr. Lucas has at times exercised certain management and direction over some employees.  Deny the remaining allegations of Paragraph 12.

13.     Deny.

14.    Deny as to Lucas Distribution and Lucas Productions and otherwise admit.

15.    Admit as to some of Lucas Entertainment's films and otherwise deny.

16.    Contains only allegations of law which require no response.

17.    Contains only allegations of law which require no response.

18.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first and last sentences. Deny the remaining allegations of Paragraph 18.

19.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19.

20.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20.

21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21.

22.    Deny.

23.    Admit the identity of the actors and their order of appearance. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of similarity between *Raw Twinks in Czech* and plaintiff's claimed Work. Admit that LBB did not grant the stated permission but deny that it was necessary. Deny the remaining allegations of Paragraph 23.

24.    Admit.

25.    Admit that Plaintiff sent the letter annexed to the Complaint as Exhibit C and deny the remaining allegations of Paragraph 25.

26.    Deny.

3

27.     Upon information and belief, admit that Plaintiff retained Mr. English as counsel, admit that he sent the letter annexed to the Complaint as Exhibit D, and deny the remaining allegations of Paragraph 27.

28.     Upon information and belief, admit that Plaintiff offers its claimed film for sale via www.spunkvideo.com.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29.

30.     Admit, but deny that such authorization was needed.

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31.

32.     Deny.

33.     Deny as to recentness, as to Michael Lucas, as to Lucas Productions, as to Lucas Entertainment, and as to exploiting, displaying, and marketing.  Admit that LBB has not provided permission but deny that such permission was needed.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33.

34.     Upon information and belief, admit that *Raw Twinks In Czech* is available for purchase in this judicial district and in interstate commerce and deny the remaining allegations of Paragraph 34.

35.     Admit that Lucas Distribution commenced distribution on or about April 7, 2008. Upon information and belief, admit that *Raw Twinks in Czech* has been available for purchase at the URLs identified in the second and third sentences.  Upon information and belief, admit that

orders for *Raw Twinks in Czech* can be placed with various adult wholesalers or retailers. Deny the remaining allegations of Paragraph 35.

36.    Admit that a photograph that appears on the DVD cover of *Raw Twinks in Czech* also appears to be present on what is advertised as the DVD cover of Plaintiff's claimed film on Plaintiff's website, and deny the remaining allegations of Paragraph 36.

37.    Deny.

38.    Deny.

39.    To the extent that some activities have been admitted as to some defendants, admit that such activities took place without the consent, permission or authority of Plaintiff, but deny that any was needed. Deny the remaining allegations of Paragraph 39.

40.    Admit that Plaintiff and its counsel have demanded and continue to make demands regarding cessation of exploitation of the DVD *Raw Twinks in Czech*. Deny the remaining allegations.

41.    Deny.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Deny.

46.    Deny.

47.    Deny.

48.    Deny.

49.    Deny.

50.    Defendants repeat and re-allege their foregoing responses.

51.    Deny.

52.    Deny.

53.    Deny.

54.    Defendants re-allege their foregoing responses.

55.    Deny.

56.    Deny.

57.    Deny.

58.    Deny.

59.    Deny.

## **DEFENSES**

Defendants' defenses include the following:

### First

Plaintiff's complaint fails to set forth any claim upon which relief may be granted. The acts alleged in the Complaint at all times have been permitted by the license annexed hereto as Exhibit A.

### Second

Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction, because Plaintiff's claimed copyright registrations are nonexistent, defective or inapplicable, or were improperly obtained.

### Third

Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, inter alia, to the extent that Defendants' alleged acts occurred,

they commenced prior to the effective date of any registration of copyright in the Work, and more than 90 days after Plaintiff's publication of its claimed work.

### Fourth

Plaintiff's claims are barred by the doctrine of laches, estoppel, misuse, failure to mitigate, payment, release, waiver, acquiescence, assumption of risk, and unclean hands and by the Statute of Frauds.

### Fifth

If and to the extent that Defendants are found to have infringed plaintiff's alleged copyright, Defendants were innocent copyright infringers.

### Sixth

Plaintiff's state law claims are preempted by federal law.

### Seventh

Use by Defendants of any elements of plaintiff's claimed work, if any, is de minimis and fair use.

### Eighth

Plaintiff lacks standing.

### Ninth

Plaintiff has failed to joined indispensible parties.

### Tenth

The aspects of plaintiff's claimed work allegedly infringed by Defendants are non-protectable ideas, scenes-a-faire or otherwise lack sufficient originality for protection under copyright law.

<u>Eleventh</u>

Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

<u>Twelfth</u>

The injunctive relief sought is overbroad.

<u>Thirteenth</u>

The Complaint fails to state facts sufficient for plaintiff to recover treble, exemplary or punitive damages.

<u>Fourteenth</u>

Plaintiff lacks capacity to sue.

<u>Fifteenth</u>

If the allegations in the Complaint are true, which Defendants deny, then any damages purportedly suffered by plaintiff were not proximately caused by Defendants' alleged conduct.

<u>Sixteenth</u>

Defendants reserve the right to amend their answer and defenses and/or to assert additional defenses upon completion of investigation and discovery.

**WHEREFORE**, Defendants respectfully request the following relief:

1.     That the Complaint be dismissed in its entirety and judgment entered thereupon in favor of Defendants;

2.     That Plaintiff take nothing by this action;

3.     That Defendants be awarded their attorney fees and costs of suit herein as prevailing parties under 17 U.S.C. § 505; and

4.      All such other and further relief as is just and proper.

Dated: New York, New York                    COWAN, DEBAETS, ABRAHAMS
       June 2, 2008                          & SHEPPARD LLP


                                    By:    ___s/ Mason A. Weisz_____
                                           Toby M.J. Butterfield
                                           Mason A. Weisz
                                    Cowan, DeBaets, Abrahams & Sheppard LLP
                                    41 Madison Avenue, 34th Floor
                                    New York, NY 10010
                                    Tel: (212) 974-7474
                                    Fax: (212) 974-8474

                                    *Attorneys for Defendants Lucas Distribution,*
                                    *Inc., Lucas Entertainment, Inc., Lucas*
                                    *Productions, Inc. and Michael Lucas*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LUCAS DISTRIBUTION, INC.; LUCAS ENTERTAINMENT, INC.; LUCAS PRODUCTIONS, INC.; and ANDREI TREIVAS BREGMAN p/k/a MICHAEL LUCAS; | ) ) ) ) |
| | ) |
| Defendants. | ) |

Civil Action No.: 08 civ 4320
filed: 05/07/08

**COMPLAINT**

--------------------------------------------------------------------

Plaintiff LBB CORPORATION d/b/a SPUNK VIDEO for its Complaint against Defendants LUCAS DISTRIBUTION, INC.; LUCAS ENTERTAINMENT, INC.; LUCAS PRODUCTIONS, INC.; and ANDREI TREIVAS BREGMAN p/k/a MICHAEL LUCAS, an individual, by its counsel R. Brent English, Esq., states and alleges as follows:

**Introduction**

1.    This is a case of willful copyright infringement by one of New York's most lucrative pornography filmmaking and distribution enterprises, and their principal, pornographic film star Andrei Treivas Bregman, publicly known as "Michael Lucas". LUCAS DISTRIBUTION, INC.; LUCAS ENTERTAINMENT, INC.; LUCAS PRODUCTIONS, INC. and ANDREI TREIVAS BREGMAN p/k/a MICHAEL LUCAS (collectively "Defendants") targeted for infringement LBB CORPORATION d/b/a SPUNK VIDEO's (hereinafter "LBB" or "Plaintiff") copyrighted work "Nasty Piss Boys". Michael Lucas, as well as his filmmaking and distribution companies, are in the business of creating, displaying, exploiting and distributing explicit "hardcore" pornographic films. One such explicit film, "Raw Twinks in Czech", is being exploited,

displayed, marketed, distributed and sold by Defendants and is the subject of this action. The acts of Defendants have, are and will continue to infringe and dilute LBB's copyright. Accordingly, LBB files this action seeking injunctive relief, damages, attorney's fees and costs.

**The Parties**

2.      Plaintiff LBB is a California corporation with its principal place of business at 601 Van Ness Avenue, # E3-324, San Francisco, California 94102. LBB is a pornographic film production and distribution company that specializes in producing and distributing "fetish" type adult gay films and is the worldwide owner of all right, title and interest in and to the copyright of the film "Nasty Piss Boys" and all associated materials (hereinafter "the Work").

3.      Upon information and belief, Defendant Lucas Distribution, Inc. (hereinafter "Lucas Distribution"), is a New York corporation with its principal place of business at 589 8th Avenue, 2nd Floor, New York, New York 10018.

4.      Upon information and belief, Defendant Lucas Entertainment, Inc. (hereinafter "Lucas Entertainment"), is a Delaware corporation with its principal place of business at 589 8th Avenue, 2nd Floor, New York, New York 10018.

5.      Upon information and belief, Defendant Lucas Productions, Inc. (hereinafter "Lucas Productions"), is a New York corporation with its principal place of business at 589 8th Avenue, 2nd Floor, New York, New York 10018.

6.      Upon information and belief, Defendant Andrei Treivas Bregman, publicly known as "Michael Lucas" (hereinafter "Michael Lucas"), is an individual residing at 244 West 23rd Street, New York, New York 10011.

7.    Upon information and belief, Michael Lucas was and still is a manager of Lucas Distribution, Lucas Entertainment and Lucas Productions.

8.    Upon information and belief, Michael Lucas was and still is an officer of Lucas Distribution, Lucas Entertainment and Lucas Productions.

9.    Upon information and belief, Michael Lucas was and still is the owner, sole shareholder or partial shareholder of Lucas Distribution, Lucas Entertainment and Lucas Productions.

10.    Upon information and belief, Michael Lucas, by virtue of his status as a manager, officer, owner and/or shareholder of Lucas Distribution, Lucas Entertainment and Lucas Productions, exercised and still exercises complete control over Lucas Distribution, Lucas Entertainment and Lucas Productions.

11.    Upon information and belief, Defendants were conducting and continue to conduct business under their own names and operate the following Internet websites: http://www.lucasentertainment.com; http://www.lucasblog.com; http://www.michaellucas.com and http://www.lucasdistribution.com.    Defendants are exploiting, displaying, marketing, offering, distributing and selling the Work.

12.    Upon information and belief, Michael Lucas, as manager, officer, owner and/or shareholder of Lucas Distribution, Lucas Entertainment and Lucas Productions, managed, directed, supervised and controlled the actions of its employees, agents, and exercised management, direction, general supervision and control over its employees and agents.

13.    Upon information and belief, at all relevant times with respect to the offenses alleged in this Complaint, Lucas Distribution, Lucas Entertainment and Lucas Productions and Michael Lucas (hereinafter "the Lucas Defendants") were acting in concert with the knowledge

and consent of the other Lucas Defendants such that they each and every Defendant is liable and responsible for the acts of the other Lucas Defendants.

14.     Upon information and belief, the Lucas Defendants have been involved in the pornography business in New York since 1998 when Michael Lucas launched his production company Lucas Entertainment.

15.     Michael Lucas is credited as the Director and Producer of, as well as a model and performer in, many of the Defendants' films.

## Jurisdiction and Venue

16.     This action arises under Sections 106 and 501 of the Copyright Act of 1976 and 17 U.S.C. §§ 106 and 501.  Subject matter jurisdiction over this Complaint arises under Sections 301, 502(a) and 502(b) of the Copyright Act, 17 U.S.C. §§ 301, 502(a) and 502(b), and Sections 1331 (federal question jurisdiction), 1338(a) (original jurisdiction), 1338(b) (unfair competition) and 1367(a) (supplemental jurisdiction over state law claims), of the Judicial Code, 28 U.S.C. §§ 1331, 1338(b) and 1367(a) as hereinafter more fully appears.

17.     Venue is properly laid in this district under Sections 1391(b)(1), 1391(b)(2), and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c).

## Background

18.     The Work is an adult gay film produced by Galaxia Studio in the Czech Republic. In a contract dated November 6, 2007, Galaxia granted LBB ownership and all worldwide rights to the film, in addition to all associated materials.  See exhibit "A" annexed hereto and made a part hereof.  Accordingly, LBB has been the rightful owner of all intellectual property rights in and to

4

the Work, and all associated materials, since November 6, 2007. Plaintiff has not relinquished any ownership rights in and to the Work.

19.    The deposit, application and fee required for registration of copyright in the Work have been delivered to the Copyright Office in proper form.

20.    The Work is a four (4) scene "fetish" type adult gay film that features the following performers/models:  Vaclav Skrabanek, Erik Mlynarik, Lucas Prchal, Jakub Korous, Frantisek Smejkal, Tobor Kovacs, Bohumil Horacek and Jiri Skrabanek. The first scene features Vaclav Skrabanek and Erik Mlynarik in what appears to be a loft setting.  The second scene presents Lucas Prchal and Jakub Korous performing together in a bedroom setting.  Scene three features Frantisek Smejkal and Tobor Kovacs.  Bohumil Horacek and Jiri Skrabanek perform together in scene four.

21.    On April 16, 2008, a European-based producer of Digital Versatile Discs ("DVDs") known as "Galaxia Studios" (hereinafter "Galaxia") granted Plaintiff a sole and exclusive license to market gay adult films on its behalf and under the name "Galaxia Entertainment" and/or "Galaxia" for an indefinite period in North America. See exhibit "B" annexed hereto and made a part hereof.

22.    Defendants knowingly, willfully and deliberately adopted, imitated, paraphrased, plagiarized, pirated and/or misappropriated the Work, and associated materials, and are exploiting, displaying, marketing, offering, distributing and selling the Work under the title "Raw Twinks in Czech".

23.    "Raw Twinks in Czech" is a four (4) scene "fetish" type adult gay film that features the following performers/models:  Vaclav Skrabanek, Erik Mlynarik, Lucas Prchal, Jakub Korous, Frantisek Smejkal, Tobor Kovacs, Bohumil Horacek and Jiri Skrabanek. The first scene features Vaclav Skrabanek and Erik Mlynarik in what appears to be a loft setting.  The

second scene presents Lucas Prchal and Jakub Korous performing together in a bedroom setting. Scene three features Frantisek Smejkal and Tobor Kovacs. Bohumil Horacek and Jiri Skrabanek perform together in scene four. Based on the foregoing, the Lucas Defendants misappropriated the Work and are selling an identical or substantially similar, unauthorized copy of the Work under the title "Raw Twinks in Czech" without permission from LBB, the copyright owner.

24.    The opening announcements of the DVD "Raw Twinks in Czech" states "It is a violation of stated law ... 4) to duplicate this copyrights material[.]"  It further warns that "Federal law provides civil and criminal penalties for unauthorized reproduction, distribution, or exhibition of copyrighted motion pictures and video tapes (Title 17, United States Code 501 [§] 506 ..."

25.    LBB learned that Defendants were exploiting, displaying, marketing, offering, distributing and selling the Work and subsequently issued a cease and desist letter dated April 7, 2008 via FedEx. See exhibit "C" annexed hereto and made a part hereof.

26.    Notwithstanding LBB's cease and desist letter dated April 7, 2008, Defendants herein continue to duplicate, replicate, reproduce, exploit, display, market, offer, distribute and sell the Work in violation of 17 U.S.C. § 101 *et seq.*

27.    LBB retained the services of the undersigned counsel who issued a second cease and desist letter, dated April 23, 2008, sent via Certified Mail, Return Receipt Requested. See exhibit "D" annexed hereto and made a part hereof.

28.    Since as early as November 2007, LBB has prominently displayed the "Nasty Piss Boys" title and mark in commerce in connection with the advertising, sale, marketing and exploitation of the film throughout Northern America. In this regard, the Work is distributed

through interstate commerce and is available for consumers to purchase and/or rent in traditional

adult retail outlets as well as on Plaintiff's Internet website: http://www.spunkvideo.com/

29.    LBB has sold approximately six hundred (600) units of the Work in digital video

disc format ("DVD") since November 2007.  Further, LBB maintains a successful and lucrative

licensing program with regard to the Work through which it has licensed particular uses of the

Work.

30.    LBB did not authorize any of the Lucas Defendants to use the Work or any other

such title that is identical or substantially similar to the Work, nor has LBB engaged in any

licensing negotiations or transactions with the Lucas Defendants.

31.    LBB has continued to successfully utilize its copyright in the Work.  In particular,

LBB is well known to its customers for producing and distributing "fetish" type adult gay

pornography of which type the Work qualifies.


## THE LUCAS DEFENDANTS' WILLFUL INFRINGEMENT
## OF PLAINTIFF'S COPYRIGHT IN "NASTY PISS BOYS"


32.    Upon information and belief, the Lucas Defendants recently began exploiting,

displaying, marketing, offering, distributing and selling the Work under the title "Raw Twinks in

Czech" that, accordingly, infringes upon the copyright owned by LBB.

33.    Upon information and belief, the Lucas Defendants recently began exploiting,

displaying, marketing, offering, distributing and selling an identical or substantially similar,

unauthorized copy of the Work under the title "Raw Twinks in Czech" without permission from

LBB, the copyright owner.

34.    Upon information and belief, Defendants' film is available for purchase in this judicial district and in interstate commerce.

35.    Upon information and belief, the Lucas Defendants offered for sale, and/or began selling, "Raw Twinks in Czech" on or about April 7, 2008.  Pre-orders and orders for Defendants' film can be placed either online or via telephone at such Internet websites as http://www.tlavideo.com/.    The same may also be found using the following URL: http://www.tlavideo.com/product/3-0-265121_raw-twinks-in-czech.html?sn=1.    Pre-orders and orders for Defendants' film can be placed with various adult wholesalers or retailers.

36.    Defendants' film is substantially similar or identical in that the Lucas Defendants use Plaintiff's DVD box cover photograph on the DVD cover of "Raw Twinks in Czech".  In this regard, Defendants' packaging also misappropriates LBB's copyright.

37.    Upon information and belief, the Lucas Defendants have embarked on a program to misappropriate to themselves a portion of the goodwill and marketing done by LBB for the Work by creating, manufacturing, selling and distributing Defendants' film.

38.    Upon information and belief, the Lucas Defendants have availed, and continue to avail, themselves of the recognized reputation of LBB as a producer and distributor of "fetish" type adult gay movies to sell their films.

39.    The Lucas Defendants have engaged in, and continue to engage in, all of the foregoing activities without Plaintiff's consent, permission or authority.  Furthermore, the Lucas Defendants have engaged in, and continue to engage in, all of the foregoing activities with full knowledge of and intentional disregard for Plaintiff's rights in and to the copyrighted work.

40.    Upon discovery of the infringing use of the "Raw Twinks in Czech" title by the Lucas Defendants, Plaintiff demanded, and continues to demand, that the Lucas Defendants

cease all such infringing uses of Plaintiff's work. Notwithstanding and despite Plaintiff's demands to cease and desist all infringing activities, the Lucas Defendants continue to knowingly and deliberately infringe upon Plaintiff's copyright with complete and total disregard for Plaintiff's rights.

41.    Upon information and belief, the unauthorized use of Plaintiff's Work by the Lucas Defendants has caused, and is likely to cause, confusion and mistake amongst customers as to source, sponsorship and approval of the Lucas Defendants' goods as well as affiliation, connection and/or association between Plaintiff and the Lucas Defendants, all to Plaintiff's substantial harm.

42.    Upon information and belief, the Lucas Defendants' unauthorized use of the Work has caused and is causing actual confusion amongst consumers whereby the public is deceived and confused into believing that the Defendants' film is produced, provided, endorsed or authorized by Plaintiff.

43.    Upon information and belief, the Lucas Defendants' have continued to use Plaintiff's copyright that is confusingly and substantially similar or identical to the Work despite knowledge by the Lucas Defendants of LBB's superior rights, title and interest in the Work and despite LBB's express written request to terminate all use of Plaintiff's copyrighted work.

44.    The unauthorized use of the copyright by the Lucas Defendants' will increasingly deprive Plaintiff of the benefit of the goodwill of the Work in the genre of "fetish" adult gay videos for which LBB has become known.

45.    Upon information and belief, the aforementioned conduct of the Lucas Defendants were undertaken in bad faith, with intent to confuse, dilute and trade on LBB's copyright, reputation and goodwill in and to the Work title and is therefore willful.

46.    The acts of infringement by the Lucas Defendants constitute misappropriation of the Work that does not parallel, resemble, correspond, intersect or give rise to social commentary, criticism, comic effect or ridicule.

47.    As a result of the unauthorized appropriation, the Lucas Defendants have violated LBB's exclusive rights as a copyright holder and owner to reproduce the Work and to prepare derivative works, distribute copies to the public by sale or other transfer of ownership, or by rental, lease or lending; and perform and display the copyrighted work publicly.  Accordingly, the acts of the Lucas Defendants constitute copyright infringement under 17 U.S.C. §§ 106 and 501.

48.    Further, and upon information and belief, the Lucas Defendants' have profited from their acts of infringement and will continue to profit there from, entitling Plaintiff to an award of its actual and/or statutory damages, any additional profits of the Lucas Defendants, as well as costs and attorneys' fees under 17 U.S.C. §§ 412, 504(a)(1) and 504(b).

49.    Further, irreparable harm to Plaintiff is imminent as a result of Defendants' conduct and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining the Lucas Defendants, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in such further acts of copyright infringement.

## AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Dilution and Unfair Competition Under New York Law –
### NY General Business Law § 349)

50.     Plaintiff repeats, reiterates and realleges each and every allegation made in the foregoing paragraphs of this Complaint with the same force and effect as if set forth in their entireties hereat.

51.     The conduct of the Lucas Defendants as aforesaid constitutes a likelihood of injury to and dilution of the business of LBB in violation of New York General Business Law §§ 133 (Use of name or address with intent to deceive"), 349 ("Deceptive Acts and practices unlawful") and 350-c ("Civil penalty").

52.     By reason of the foregoing, LBB has suffered, is suffering and, unless the Lucas Defendants are restrained, will continue to suffer and sustain irreparable injury, loss and damage to its ownership rights in and to the copyrighted work for which there is no adequate remedy at law.

53.     LBB is entitled to damages for the past dilution and profits realized by the conduct of the Lucas Defendants both in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Copyright Infringement under §§ 106 and 501 of The Copyright Act)

54.     Plaintiff repeats, reiterates and realleges each and every allegation made in the foregoing paragraphs of this Complaint with the same force and effect as if set forth in their entireties hereat.

55.     LBB owns a valid copyright in the Work.

56.     LBB, as the exclusive copyright owner of "Nasty Piss Boys" in North America, has exclusive rights to, and to authorize others to, prepare derivative works based upon the copyrighted work; reproduce and distribute copies of the Work and display the copyrighted work.

57.     The exploitation, displaying, marketing, offering, creation, manufacture, sale and distribution of "Raw Twinks in Czech" by the Lucas Defendants is in violation of the copyright held by LBB in the Work.

58.     The conduct of the Lucas Defendants constitutes willful infringement of LBB's copyright in and to the Work.

59.     As a result of the copyright infringement and the aforementioned allegations by the Lucas Defendants, LBB has suffered damages and irreparable harm, and will continue to suffer damages and irreparable harm.


**WHEREFORE**, Plaintiff LBB CORPORATION d/b/a SPUNK VIDEO prays that this Honorable Court enter its judgment:

(A)     Granting each of its claims for relief;

(B)     Enjoining, both preliminarily and permanently, Lucas Distribution, Inc., and all of its officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, selling, offering to sell, advertising, marketing, streaming or otherwise distributing any audio-visual work or works identical or substantially similar to the Work;

(C)     Enjoining, both preliminarily and permanently, Lucas Entertainment, Inc., and all of its officers, directors, affiliates, successors, assigns, agents, servants, employees and

those in privity with any of them, from continued infringement, selling, offering to sell, advertising, marketing, streaming or otherwise distributing any audio-visual work or works identical or substantially similar to the Work;

(D)    Enjoining, both preliminarily and permanently, Lucas Productions, Inc., and all of its officers, directors, affiliates, successors, assigns, agents, servants, employees and those in privity with any of them, from continued infringement, selling, offering to sell, advertising, marketing, streaming or otherwise distributing any audio-visual work or works identical or substantially similar to the Work;

(E)    Enjoining, both preliminarily and permanently, Andrei Treivas Bregman, publicly known as "Michael Lucas", his successors, assigns, agents, servants, employees and those in privity with him, from continued infringement, selling, offering to sell, advertising, marketing, streaming or otherwise distributing any audio-visual work or works identical or substantially similar to the Work;

(F)    Ordering recall of all of the Lucas Defendants' films in the marketplace entitled "Raw Twinks in Czech", or such other title that is or may be identical or substantially similar to LBB's "Nasty Piss Boys", and the delivery and surrender of the same to LBB for destruction of all labels, packaging, sales, material, artwork and other material or materials from which such labeling, packaging or advertising materials may be reproduced; and

(G)    Ordering the Lucas Defendants to deliver and surrender to LBB for destruction all copies manufactured, reproduced, sold or otherwise used, intended to use, or possessed with the intent to use and all plates, molds, matrices, tapes, films, film negatives, "master tapes", DVCam or mini-DV tape, raw footage or other articles by

means of which duplicates of "Raw Twinks in Czech", or such other title that is or may be identical or substantially similar to the Work, may be made or reproduced, and all electronic, mechanical or other devices for manufacturing, reproducing or assembling such copies.

(H)     Awarding treble damages actually suffered by LBB in addition to those profits made by the Lucas Defendants from the exploitation, displaying, marketing, offering, creation, manufacture, sale and/or distribution of Defendants films, or such greater amount as to which this Honorable Court may consider LBB to be entitled;

(I)     Awarding to LBB and assessing against the Lucas Defendants, the costs, expert witness fees and reasonable attorneys' fees incurred in connection with this action; and

(J)     Granting such other and further relief as this Court deems just, fair and equitable.

Dated: New York, New York
         April 30, 2008

                              Respectfully submitted,

                              R. Brent English, Esq., Attorney at Law
                              Attorney for Plaintiff
                              LBB CORPORATION d/b/a SPUNK VIDEO

                              By: _____
                                    R. Brent English (RBE –3575)

                              225 Broadway, Suite 612
                              New York, New York 10007
                              Tele: (212) 962-3195
                              Fax: (646) 390-8021

14

# EXHIBIT A

November 6, 2007

Roman Senko
Galaxia Studio
The Czech Republic

Dear Roman,

Thank you for your interest in selling the rights to your Fetish film to Spunk. In order to memorialize our business relationship for this film, we have drawn up this Letter of Agreement. Please carefully review these terms, and if you agree, print 1 copy, place your initials on the bottom of the first two pages, sign on the space provided on the last page, and fax it to me at 1-415-282-1142. Once we receive the signed document, we will execute the agreement and return a signed copy by email.

To outline our agreement:

1)      Galaxia Studio. (Hereinafter "Galaxia" or "you") will provide one (1) film for the purposes of this project. This film will consist of four (4) original fully edited "scenes" that are wholly unreleased, and new to the market (collectively and hereinafter, "the Title").

   You warrant that:
        a) you have obtained full model releases from all models, and all models are of legal age (18 or older); all models must have Government-issued identification, such as a passport, driver's license or green card; you agree to indemnify and hold harmless Spunk in the event of any claim or cause of action arising out of improper or inadequate documentation;
        b) all of the material in the Title is new and original, and free from any and all encumbrances;
        c) each "scene" or segment of the title will be no shorter than 20 minutes;
        d) there are or will be no outstanding claims, objections, or defects which may impact the sales and marketing of the Title on a Worldwide basis.

        All model releases and identity documentation will be delivered along with the title as outlined in Paragraph 3 below.

2)      Transfer of Ownership. Upon payment as outlined in this agreement, Galaxia shall transfer to LBB Corp. d/b/a Spunk Studios, a California corporation (hereinafter "Spunk" or "we"), ownership and all worldwide rights to the title and associated materials subject to the terms outlined herein. Galaxia explicitly disclaims any and all rights, and acknowledges that upon payment that Spunk is the exclusive and sole owner of the title and associated materials in perpetuity.

3) **Masters and Raw Footage.** GALAXIA will provide to Spunk the finished title on DVCam or mini-DV tape in duplicate, ready for editing. In addition, GALAXIA will deliver any and all raw footage in the format in which it was created, and GALAXIA explicitly disclaims any and all rights, and acknowledges that Spunk is the sole owner of the raw footage in perpetuity.

4) **Artwork.** GALAXIA will provide digital still pictures of models of sufficient quality and quantity for the production of DVD sleeves, collateral material and other artwork. GALAXIA will provide a minimum of ten (10) unique photographic still images of each individual model associated with the title. Ownership and all worldwide rights to these photographs transfer to Spunk upon payment.

5) **Payment.** Upon delivery of the masters, still images, and associated materials, Spunk shall issue payment to GALAXIA in the amount of Six Thousand dollars ($6000.00). The total of this single payment comprise the entire remuneration in exchange for ownership and all worldwide rights to the Title and associated materials.

6) **Titles and Name.** Spunk will create a new name for the film of its own choosing, and may change any titles for any reason in its sole discretion.

7) **Transmission of Critical Materials.** GALAXIA and Spunk shall both utilize commercially secure and insured transportation of critical materials (non-replaceable) such as masters and artwork. Acceptable carriers include UPS, FedEx, and/or Airborne Express.

8) **Term.** The duration of this agreement is open-ended, and the acceptance by Spunk of additional films extends the entirety of this agreement to those films. The termination of this agreement does not alter the transfer of worldwide rights once payment has been made. This agreement shall be deemed terminated if: a) Either GALAXIA or Spunk notifies the other party in writing that this agreement is terminated, subject to 90 days advance notice; b) Either party materially breaches this agreement, and such breach is not cured within 10 days of written notice. This Agreement shall be deemed terminated as of the 90th day after notice.

9) **Notice.** All official communication, including notice of termination, shall be sent via registered mail, return receipt requested, to the following addresses:

If to: Spunk Studios    If to: Galaxia,
Gary Houser      Roman Senko
601 Van Ness Avenue   DR. GLAZERA AS142.15
Suite E3-324      HORNI SUCHA 73535
San Francisco, CA 94102   CZECH REPUBLIC

10) **Severability.** Should any portion of this Agreement be held unenforceable or invalid for any reason, the remaining provisions and portions of this Agreement shall be unaffected by such holding, and remain in full force and effect.

11/7/2007 - Roman Senko

11)   **Confidentiality.** Spunk and GALAXIA agree to maintain as confidential the authorship of the title; Further, this Agreement and the existence of this Agreement, including any and all clauses or terms included herein shall remain confidential, in perpetuity.

12)   **No Assignment or Transfer of Rights.** GALAXIA shall not assign or transfer its rights and responsibilities granted hereunder. In the event of sale or transfer of GALAXIA, or material change in the ownership or management of GALAXIA, this agreement shall automatically terminate.

We look forward to working with you, and feel that this venture will prove successful for us both.

Best regards,

Casey Dworkin
LBB Corp.

Accepted and Agreed:

Galaxia        7 / 11 / 2007
Roman Senko.

# EXHIBIT B

# Trade Name License for North America

Whereas the undersigned parties agree that it is beneficial for Galaxia Entertainment to license it's tradename "Galaxia Entertainment" and/or "Galaxia" as relates to gay adult entertainment within North America.

The undersigned agree that Galaxia Entertainment shall grant a sole and exclusive license to LBB Corp DBA "Spunk," to market gay adult films under the name "Galaxia Entertainment" and/or "Galaxia" for an indefinite period for the sum of one dollar ($1.00) in the area of North America.

This license can be rescinded at any time with one day notice with no penalty, and Spunk shall have no further interest in the name "Galaxia Entertainment."

for Spunk

Date:   4/16/08

for Galaxia

Date:  16. april 2008

# EXHIBIT C



April 7, 2008

**Sent Via Fax and Federal Express**

Andrei Treivas
**Lucas Entertainment, Inc.**
589 8th Ave, 2nd Floor
New York, NY 10018

Dear Mr. Treivas:

It has come to our attention that an unauthorized use of our copyrighted work entitled *Nasty Piss Boys* (the "Work") in the preparation of a work derived there from. I have reserved all rights in the Work, first published in December 2007. Your work entitled *Raw Twinks in Czech* is essentially identical to the Work and clearly used the Work as its basis.

As you neither asked for nor received permission to use the Work as the basis for *Raw Twinks in Czech* nor to make or distribute copies, including electronic copies, of same, I believe you have willfully infringed my rights under 17 U.S.C. Section 101 et seq. and could be liable for statutory damages as high as $150,000 as set forth in Section 504(c)(2) therein.

I demand that you immediately cease the use and distribution of all infringing works derived from the Work, and all copies, including electronic copies, of same, that you deliver to me, if applicable, all unused, undistributed copies of same, or destroy such copies immediately and that you desist from this or any other infringement of my rights in the future. If I have not received an affirmative response from you by April 21st, 2008 indicating that you have fully complied with these requirements, I shall take further action against you.

Very truly yours,

Casey Dworkin
Spunk Video

# EXHIBIT D

**R. BRENT ENGLISH**
ATTORNEY AT LAW

* ALSO MEMBER NEW JERSEY & WASHINGTON, D.C. BARS

225 BROADWAY, SUITE 612
NEW YORK, NEW YORK 10007
TELEPHONE: 212-962-3195
FACSIMILE: 646-390-8021
E-MAIL: RBENGLISH_ESQ@ATT.NET

*Via Certified Mail, Return Receipt Requested*
*7006 3450 0001 5130 5660*

April 10, 2008

Michael Lucas
Lucas Entertainment, Inc.
589 8th Avenue, 2nd Floor
New York, New York 10018

\*       \*       \*

Regarding: *Spunk Video, Lucas Entertainment and Galaxia Entertainment*

Dear Mr. Lucas:

If you retained counsel to represent you, please forward this communiqué to his/her/their attention.

You may recall that the undersigned represents Spunk Video (hereinafter "Spunk") concerning a recent dispute that has arisen between Spunk and Lucas Entertainment. Specifically, my client learned of your intent to release "Raw Twinks in Czech", or such other title, which is derived from Spunk's copyrighted production known as "Nasty Piss Boys" (hereinafter "the Work"). You stated yesterday that the said title released last week. As we discussed, my client's position is that "Raw Twinks in Czech", or such other title, is substantially similar and/or identical to the Work infringing upon Spunk's rights pursuant to, amongst others, 17 U.S.C. § 101 *et seq.*

Lucas Entertainment, its employees, agents, successors, assigns and/or related entities, does not have authority or permission from Spunk to use the Work as a basis for any release, distribution and/or reproduction. Therefore, with this writing, we demand that Lucas Entertainment, its employees, agents, successors, assigns and/or related entities CEASE AND DESIST from any use, distribution, streaming and/or duplication of any and all infringing compositions derived from the Work.

Again, if you retained counsel to represent you, please forward this communiqué to his/her/their attention. Thank you.

I remain,

Sincerely yours,

R. Brent English

Cc:    Casey Dworkin

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MICHAEL LUCAS
LUCAS ENTERTAINMENT, INC.
589 9th AVENUE, 2nd FLOOR
NEW YORK, NEW YORK
10018

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X JD
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
BRITTNER

C. Date of Delivery
4/X

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 3450 0001 5130 5660

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL␣ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.41 | 0005 |
| Certified Fee | $2.65 | 57 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.21 | 04/10/2008 |

Sent To
MICHAEL LUCAS    LUCAS ENTERTAINMENT, INC.
Street, Apt. No.;
or PO Box No.    589 9th AVENUE, 2nd FLOOR
City, State, ZIP+4
NEW YORK, NEW YORK 10018

7006 3450 0001 5130 5660