UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO,<br><br>               Plaintiff,<br><br>     v.<br><br>LUCAS DISTRIBUTION, INC., et al.<br><br>               Defendants. | 08-CV-4320 (SAS) |

**MOTION TO DISMISS FIRST CLAIM FOR RELIEF FOR
FAILURE TO STATE A CLAIM**

Defendants Lucas Distribution, Inc., Lucas Entertainment, Inc., Lucas Productions, Inc. and Michael Lucas (collectively, "Defendants") hereby respectfully move under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's first claim for relief under NY GBL §§ 349 and 350 because it is preempted by the Copyright Act, 17 U.S.C. § 101 et seq., as confirmed by the repeated holdings of this Court and the Supreme Court's decision in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003), and because the Complaint fails to allege the requisite sort of consumer-oriented harm. Plaintiff is therefore limited to its claim under the Copyright Act.[1]

**The Allegations of the Complaint.**

This action is a copyright case. See Complaint, ¶ 1 ("This is a case of willful copyright infringement … [Defendant] Michael Lucas, as well as his filmmaking and distribution companies, are in the business of creating, displaying, exploiting and distributing … pornographic films."); ¶ 16 ("This action arises under §§ 106 and 501 of the Copyright Act of 1976 and 17 U.S.C. §§ 106 and 501."); ¶ 18 ("The Work is an adult gay film produced by

---

[1] In any event, the author of the work in question licensed Defendants' use thereof via the contract annexed as Exhibit A to the Answer. Plaintiff's counsel has stated to defendants' counsel that the author's subsequently purported assignment of copyright to Plaintiff and Plaintiff's potential copyright registration would somehow "trump" any such contract. While that is not the law, this motion is limited to the deficiencies in the Complaint itself.

Galaxia Studio in the Czech Republic.  In a contract dated November 6, 2007, Galaxia granted [plaintiff] LBB ownership and all worldwide rights to the film  ..."); ¶ 22 ("Defendants knowingly, willfully and deliberately adopted, imitated, paraphrased, plagiarized, pirated and/or misappropriated the Work,");  ¶ 32 ("Defendants' work 'infringes upon the copyright owned by [plaintiff] LBB'").  See also ¶¶ 39, 43, 45, 47, 49.

After detailing plaintiff's claimed copyright and the alleged infringement thereof, the first claim for relief alleged in the Complaint is for "Dilution and Unfair Competition Under New York law – NY GBL § 349".  Complaint, p. 11.  While each and every preceding allegation of fact is incorporated by reference in support of this alleged claim, the only statement of the claim itself is as follows:

> "51. The conduct of the Lucas Defendants as aforesaid constitutes a likelihood of injury to and dilution of the business of LBB in violation of New York General Business Law §§ 133(Use of Name or Address With Intent to Deceive."), 349 ("Deceptive Acts and practices unlawful") and 350-c ("Civil penalty").
>
> "52.  By reason of the foregoing, LBB has suffered, is suffering and, unless the Lucas Defendants are restrained, will continue to suffer and sustain irreparable injury, loss and damages to its ownership rights in and to the copyrighted Work for which there is no adequate remedy at law."
>
> "53. LBB is entitled to damages for the past dilution and profits realized by the conduct of the Lucas Defendants both in amounts to be determined at trial."

As the acts of Defendants about which plaintiff complains are all acts protected by the Copyright Act, this claim is preempted.  Furthermore, because there is and can be no allegation of harm to consumers at large, but instead only alleged "injury, loss and damage to [plaintiff's] ownership rights in and to the copyrighted work," Complaint, ¶ 52, Plaintiff does not state a claim under the state consumer protection laws it cites in the first claim for relief.

2

# ARGUMENT

**I.   Plaintiff's First Claim for Relief is Preempted By the Copyright Act and Must be Dismissed.**

Section 301(a) of the Copyright Act states as follows:

> …[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, … are governed exclusively by this title. …. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

This Court is well aware of the standard for application of Section 301(a) and of the broad preemptive force of the Copyright Act:

> The Copyright Act expressly provides for preemption of state law. The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law. The first prong of this test is called the "subject matter requirement," and the second prong is called the "general scope requirement." The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works. The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law.
>
> The state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim. To determine whether a claim is qualitatively different, we look at what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced. The court takes a "restrictive view" of what qualifies as an extra element sufficient to shield the claim from copyright preemption. Nevertheless, a state law claim is qualitatively different if it requires such elements as breach of fiduciary duty, or possession and control of chattels.

Price v. Fox Entertainment Group, Inc., 473 F. Supp. 2d 446, 457 (S.D.N.Y. 2007) (Scheindlin, J.) (internal punctuation omitted) (dismissing as preempted claims of misappropriation, breach of contract, conversion, and conspiracy) (citing Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir.2004)); Boyle v. Stephens Inc., 1998 WL 690816, *6 (S.D.N.Y. 1998)

(Scheindlin, J.) (granting summary judgment to defendant on preempted unjust enrichment claim).

    **(a)    Plaintiff's Unfair Competition Claim is Preempted.**

Plaintiff's unfair competition claim meets both prongs of the above test. It falls within the subject matter requirement because the unfair competition claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works. Whether the work to which plaintiff claims copyright is categorized as an audiovisual work as defined in 17 U.S.C. § 102(6), Complaint, ¶¶ 16, 18, or possibly a pictorial work, as defined in 17 U.S.C. § 102(5), Complaint, ¶ 36, the work falls within the general scope prong. The acts of Defendants which allegedly give rise to a claim of unfair competition consist of nothing more than copying, distributing, displaying, performing, and preparing derivative works of Plaintiff's claimed copyrightable work. See Complaint, ¶¶ 1, 25, 26, 32-47. All these acts fall within well the ambit of rights granted under 17 U.S.C. § 106(1)-(5).[2]

The Court should therefore dismiss Plaintiff's unfair competition claim as preempted. 17 U.S.C. § 301(a). Kregos v. Associated Press, 3 F.3d 656, 665-666 (2d Cir. 1993) (affirming dismissal of claims under NY GBL §§ 349 and 350 for alleged copying and for use of allegedly incorrect name in copyright notice); Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 309 (2d Cir. 2004) (dismissing unjust enrichment claim despite additional element of enrichment because claim was not qualitatively different from copyright claim); Flaherty v. Filardi, 388 F. Supp. 2d 274, 290 (S.D.N.Y. 2005) (dismissing unfair competition, unjust

---

[2] Paragraph 51 of the Complaint makes passing reference to NY GBL § 133 (use of name or address with intent to deceive). If this claim is intended as a separate claim, it must be dismissed as well, because there is no allegation that Defendants used "any name, designation or style, or any symbol or simulation thereof" or any address with intent to deceive—only allegations of unauthorized exploitation of plaintiff's alleged rights in a copyrighted work.

{A062148.DOC\2}

enrichment, and quantum meruit claims as preempted); <u>Video-Cinema Films Inc. v. Cable Network News Network, Inc.</u>, 2001 U.S. Dist. LEXIS 25687 (S.D.N.Y. Nov. 28, 2001) (dismissing unfair competition claim for use of film clip as preempted); <u>Lone Wolf McQuade Associates v. CBS Inc.</u>, 961 F. Supp. 587, 599 (S.D.N.Y. 1997) (dismissing unfair competition claim based on copying as preempted); <u>Ez-Tixz, Inc. v. Hit-Tix, Inc.</u>, 919 F. Supp. 728, 738 (S.D.N.Y. 1996) (same).

**(b) Plaintiff's Allegations of Consumer Deception Do Not Save Its Unfair Competition Claims.**

To state a claim under NY GBL § 349, a plaintiff must allege that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." <u>Maurizio v. Goldsmith</u>, 230 F.3d 518, 521 (2d Cir. 2000).

The Complaint sporadically alleges that Defendants have confused or deceived consumers, Complaint ¶¶ 37-38, 41-45, 52, and Plaintiff will perhaps seek to rely on the Second Circuit's decision in <u>Samara Bros., Inc. v. Wal-Mart Stores, Inc.</u>, 165 F.3d 120 (2d. Cir. 1998), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u> <u>sub.</u> <u>nom.</u> <u>Wal-Mart Stores, Inc. v. Samara Bros., Inc.</u> 529 U.S. 205 (2000). In <u>Samara Bros.</u>, came several years after the Second Circuit's conclusion in the <u>Kregos</u> decision that §§ 349 and 350 claims which repeated copyright claims, <u>were</u> preempted. The <u>Samara Bros.</u> court held that the § 349 claim in that trade dress case was <u>not</u> preempted, because there was an allegation that consumers were deceived, which qualified as an extra element that saved the claims from preemption. However, for two independent reasons, Plaintiff's §§ 349 and 350 claims in this case must still be dismissed.

First, the Supreme Court subsequently barred exactly these sorts of unfair competition claims. <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23 (2003) (unfair

5

competition law provides no claim for false designation of origin of a motion picture). Since Dastar, Courts in this district routinely dismiss state law claims based on wrongful attribution of copyrighted works. See, e.g., Contractual Obligation Productions, LLC v. AMC Networks, Inc., 2008 WL 793603, *8-11 (S.D.N.Y. 2006) (denying as preempted plaintiff's claim under Lanham Act and under California Business and Professions Code § 17200, which bars "deceptive, untrue or misleading advertising", for failure to correctly credit plaintiff as the television show's originator, producer and creator and for inaccurately labeling the show as Canadian production rather than an American production); Smith v. New Line Cinema, 2004 U.S. Dist. LEXIS 18382 at *10-11 (S.D.N.Y. 2004) (citing Dastar to dismiss as preempted a claim for breach of implied contract to credit authorship); see also A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment, 392 F. Supp. 2d 297 (D.Conn. 2005) (citing Dastar and Kregos to dismiss as preempted a claim under the Connecticut Unfair Practices Act, § 42-110b, which bars "deceptive acts or practices in the conduct of any trade", where defendants allegedly exploited plaintiff's screenplay without authorization).

    Such claims are the only possible claims of confusion or deception alleged here. See, e.g., Complaint, ¶¶ 41, 42. The state claims should be dismissed on this basis alone.

    Second, the harm Plaintiff alleges here is not the sort for which the state statute provides relief. Section 349 "is, at its core, a consumer protection device," Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 264 (2d Cir. 1995), not a tool to resolve disputes between competitors. Therefore, for the statute to apply, a plaintiff must establish a "direct harm to consumers" that is greater than the "general consumer confusion" commonly found in trademark actions. See Sports Traveler, Inc. v. Advance Magazine Publishers, Inc., 1997 WL 137443, at *3 (S.D.N.Y. 1997). The "gravamen" of the claim must be an alleged injury to consumers or the

{A062148.DOC\2}

general public.  See Securitron, 65 F.3d at 264.[3]  Where the only alleged harm, as here, is that which is generally associated with violations of intellectual property law, courts in this district dismiss claims under §§ 349 and 350.  See, e.g., SMJ Group, Inc. v. 417 Lafayette Restaurant LLC, 2006 WL 2516519, *4-5 (S.D.N.Y. 2006) (dismissing § 349 claim where "the most serious harm an individual member of the public could suffer as the result of viewing one of defendants' allegedly misleading leaflets is the possibility that, based on the claims in the leaflet, the individual would pass up a meal at one of plaintiffs' establishments and settle for a less appetizing meal elsewhere"); Eliya, Inc. v. Kohl's Dept. Stores, 2006 WL 2645196, 7-8 (S.D.N.Y. 2006) (dismissing § 349 claim); Digigan, Inc. v. Ivalidate, Inc., 2004 WL 203010, 6-7 (S.D.N.Y. 2004) (dismissing G.B.L. § 349 and 350 claims based on alleged misrepresentations as to ownership of patent).

      Plaintiff's first claim for relief—styled as a claim for "Dilution and Unfair Competition"—is only directed at alleged competitive harm, not the sort of consumer-oriented harm for which §§ 349 and 350 exist to address.  See Complaint ¶¶ 37-38, 41-45.  In its statement of the first claim for relief, Plaintiff does not and cannot allege harm to consumers, claiming instead that Defendant's alleged acts are "all to Plaintiff's substantial harm."  Id., ¶ 41.  Accordingly, Plaintiff's claims under GBL §§ 349 and 350 may be dismissed on this independent basis alone.

---

[3]  Courts in this district have explained that the sort of harm necessary to establish consumer injury includes harms such as "potential danger to the public health or safety" but not mere marketplace confusion Gucci Am., Inc. v. Duty Free Apparel, Ltd., 277 F. Supp. 2d 269, 272-275 (S.D.N.Y. 2003) (collecting cases) (dismissing § 349 counterclaim).  There are no such allegations here.

7

**CONCLUSION**

Plaintiff's claims for relief under NY G.B.L. §§ 349 and 350 are preempted by the Copyright Act, as confirmed by the repeated holdings of this Court and the Supreme Court's decision in <u>Dastar</u>. In any case, the claims fail to allege the requisite harm. Plaintiff's claim under NY G.B.L. § 133—if one is asserted—fails because the Complaint does not allege that Defendants used any name or address with an intent to deceive. The claims for relief under state law must therefore be dismissed.


Dated: New York, New York            COWAN, DEBAETS, ABRAHAMS
       June 2, 2008                            & SHEPPARD LLP


By: s/ Mason A. Weisz
    Toby M.J. Butterfield
    Mason A. Weisz
    Cowan, DeBaets, Abrahams & Sheppard LLP
    41 Madison Avenue, 34th Floor
    New York, NY 10010
    Tel: (212) 974-7474
    Fax: (212) 974-8474

*Attorneys for Defendants Lucas Distribution, Inc., Lucas Entertainment, Inc., Lucas Productions, Inc. and Michael Lucas*