UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO,<br><br>     Plaintiff,<br><br>  v.<br><br>LUCAS DISTRIBUTION, INC., et al.<br><br>     Defendants. | 08-CV-4320 (SAS) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS FIRST CLAIM FOR RELIEF FOR
FAILURE TO STATE A CLAIM**

  Instead of explaining how the allegations of the Complaint state a claim for relief, Plaintiff attempts to oppose Defendants' motion under Fed. R. Civ. P. 12(b)(6) chiefly by improperly making new unsupported and vague factual allegations in its memorandum of law. That strategy will not save the claim from dismissal. Even if the Court were to deem Plaintiff's opposition brief to be request to amend the Complaint to add the new allegations, that request should be denied, as amendment would be futile.

**I.  Allegations in Plaintiff's Opposition Brief Cannot Remedy the Complaint's Defects.**

  When deciding a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint"[1] and "draw all inferences in the light most favorable to the non-moving party."[2] Nevertheless, the Court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations ... a presumption of truthfulness."[3]

---

[1] Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1975 (2007) (quotation marks omitted). Accord In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).
[2] In re NYSE Specialists, 503 F.3d at 95.
[3] Id. (quotation marks omitted).

{A062341.DOC/1}

"Federal Rule of Civil Procedure 8(a)(2) requires ... 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[4] To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[5] Although the complaint need not provide "detailed factual allegations,"[6] it must "amplify a claim with some factual allegations ... to render the claim plausible."[7] The standard is no longer that a complaint can be dismissed only if there is "no set of facts" "which would entitle [plaintiff] to relief."[8] Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"[9]

The Court should decline to consider the new allegations in Plaintiff's opposition brief and should dismiss the first claim for relief.

## II.     Plaintiff's First Claim for Relief is Preempted by the Copyright Act.

Plaintiff admits that the Copyright Act will preempt its first claim for relief if the claim meets the "subject matter requirement," and the "general scope requirement" of 17 U.S.C. § 301(a). Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Br."), p. 3. Plaintiff concedes that "[t]he video … falls within the parameters of the subject matter requirement" and that "the focus here is … the general scope requirement." Id.

The general scope requirement is satisfied when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law. In their moving brief (the "Mov. Br."), Defendants noted that the Complaint failed to allege

---

[4] Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Fed.R.Civ.P. 8(a)(2)).
[5] See Bell Atl., 127 S.Ct. at 1970.
[6] Id. at 1964. Accord ATSI, 493 F.3d at 98 n. 2.
[7] Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).
[8] Bell Atl., 127 S.Ct. at 1969 (quoting Conley v. Gibson, 355 U.S. 45-46 (1957)). Accord id. ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").
[9] ATSI, 493 F.3d at 98 (quoting Bell Atl., 127 S.Ct. at 1965).

any act by Defendants that would not, by itself, infringe one of the exclusive rights provided by federal copyright law, assuming the truth of the allegations. E.g., Cmplt., ¶¶ 41 ("unauthorized use of Plaintiff's Work … has caused … confusion and mistake amongst customers"), 42 (same), 43 ("Defendants' [sic] have continued to use Plaintiff's copyright that is confusingly and substantially identical to the Work"), 44 ("unauthorized use of the copyright … will … deprive Plaintiff of … the goodwill of the Work").

In opposition, Plaintiff points to nothing in the Complaint that alleges any act that would not by itself constitute alleged unauthorized use of a copyrighted work. Instead, Plaintiff argues only that the public will be harmed in some unspecified way by Defendants' alleged distribution of the video in packaging that mentions only the video's producer but not Defendants. Opp. Br. 4. The Second Circuit affirmed dismissal of exactly those sorts of claims in Kregos v. Associated Press, 3 F.3d 656, 665-666 (2d Cir. 1993) (claims under NY GBL §§ 349 and 350 for alleged copying and for use of allegedly incorrect name in copyright notice were preempted).[10] The general scope requirement is thus satisfied, and the claim should be dismissed as preempted.

### III. Plaintiff Failed to Show that the Complaint Alleges the Requisite Harm.

In their moving brief, Defendants also pointed out that the Complaint does not allege serious harm to the general consuming public, let alone the sort of broad, grave harm required for claims under § 349. Mov. Br. 6–7. Plaintiff did not rebut this. Instead, Plaintiff points to portions of the Complaint in which it alleges in conclusory fashion that unspecified "customers" may be "confused" or "deceived", without explaining how such deception con constitute the requisite broad, grave harm to the public at large. Opp. Br., 4–5. Instead, Plaintiff admits that "the level of harm by the Lucas Defendants may not rise to the level of harm as in *Securitron* [*Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)]." Opp. Br. 7–8.

---

[10] Plaintiff cites Kregos but fails to distinguish it. Opp. Br., 2, 9.

Indeed, Plaintiff does not and cannot allege that mere distribution of the video harms the public to an actionable degree because Plaintiff alleges that Plaintiff itself markets and distributes the same video. E.g., Cmplt., ¶¶ 31–33.

Instead, in its Opp. Br., Plaintiff introduces new factual allegations nowhere referenced in its Complaint. The Opp. Br. asserts that the public is somehow harmed by Defendants' allegedly current distribution of a video Plaintiff allegedly acquired in 2007,[11] because (1) that video contains depictions of sexual activity without use of condoms; (2) in 2007 defendant Michael Lucas stated that he has a reputation as an advocate of safe sex; and (3) according to an old August 17, 2004 article in the *Advocate* (a gay and lesbian newsmagazine), Mr. Lucas agreed with an interviewer's statement that Mr. Lucas did not then want to hire actors who had participated in non-safe-sex films. Opp. Br. 6–8.[12]

Plaintiff's belated assertion of these new factual allegations to support its Complaint fails for three reasons. First, there is no hint of them in the Complaint. Second, even if the Complaint were amended to incorporate these allegations, Plaintiff would still fail to allege the requisite serious harm to the public at large, as its case would still rest on the bare conclusory contention that "[t]he far-reaching impact on consumers at large is obvious and apparent." Opp. Br., 8. Fed. R. Civ. P. 8(a)(2) demands more than that. Third, like the unsuccessful plaintiff in Bell Atl. Corp. v. Twombly, Plaintiff here asks the Court to infer the basic elements of its claim: "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000). Such inferences are not justified, not properly pled, and not properly

---

[11] Cmplt. ¶ 18 alleges that Plaintiff acquired the film in "a contract dated November 6, 2007."
[12] A copy of the 2004 article and an incomplete version of Mr. Lucas's statement are attached as exhibits to the Opp. Br.

4

presented on this motion.

In the Opp. Br., Plaintiff also points to "the small print located on the lower left-hand corner of this exhibit [2] (the back of the DVD cover) which cites the producer as 'Galaxia Entertainment' rather than any of the Lucas Defendants." Opp. Br. 7 n.4. Plaintiff argues in conclusory fashion that this is a "deceptive as well as materially misleading and harmful act to the public at large." Opp. Br. 7. As before, such allegations are absent from the Complaint, but in any case Plaintiff concedes that "'Galaxia Entertainment' [is] the original producer of Plaintiff's video." Opp. Br. 7. See also Cmplt. ¶ 18, 22. Plaintiff offers no explanation of how anyone is harmed by this. Even if the cited small print were inaccurate, Plaintiff has not explained how it would give rise to actionable harm. See Karam Prasad, LLC v. Cache, Inc., No. 07 Civ. 5785, 2007 WL 2438396, *1-2 (S.D.N.Y. Aug. 27, 2007) (Crotty, J.) (dismissing claims under N.Y. G.B.L. § 349 where gravamen of the complaint was not consumer injury or harm to the public interest).[13]

## CONCLUSION

Plaintiff's new allegations in its opposition brief do not save its first claim for relief from dismissal under Bell Atl. v. Twombly. The Copyright Act preempts Plaintiff's claims, as confirmed by the repeated holdings of this Court and the Supreme Court's decision in Dastar. In any case, the claim would fail to allege the requisite harm, even if the Complaint were amended to include the new allegations. It should therefore be dismissed without leave to amend.

---

[13] Plaintiff also fails to address Defendants' citation to Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003) and its progeny, which bar claims for wrongful attribution of the source of expressive works. In addition, Plaintiff fails to address Defendants' argument that Plaintiff failed to allege the elements of a claim under N.Y. G.B.L. § 133. Mov. Br. at 4 n.2. The new allegations in the Opp. Br., even if incorporated into an amended Complaint, would not suffice. See Oliveira v. Frito-Lay, Inc., No. 96 Civ. 9289, 1997 WL 324042 *6-7 (S.D.N.Y. June 13, 1997) (dismissing claims under N.Y. G.B.L. §§ 133, 349, 350).

5

{A062341.DOC/1}

Dated: New York, New York  
       June 30, 2008

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:   s/ Mason A. Weisz  
      Toby M.J. Butterfield  
      Mason A. Weisz  
Cowan, DeBaets, Abrahams & Sheppard LLP  
41 Madison Avenue, 34th Floor  
New York, NY 10010  
Tel: (212) 974-7474  
Fax: (212) 974-8474  
*Attorneys for Defendants*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO,<br><br>                         Plaintiff,<br><br>           v.<br><br>LUCAS DISTRIBUTION, INC., et al.<br><br>                         Defendants. | 08-CV-4320 (SAS) |

## PROOF OF SERVICE

Mason Weisz, being duly sworn, deposes and states as follows:

1. The statements made herein are true of my own personal knowledge. If called upon to testify, I could and would testify competently thereto.

2. I am employed in the County of New York, State of New York. I am over the age of 18 and not a party to this action. My business address is 41 Madison Avenue, 34th Floor, New York, New York 10010.

3. I caused the following documents to be served via the Court's ECF system, by email, and by Federal Express on June 30, 2008:

    (a) Reply Memorandum of Law in Support of Motion to Dismiss

   upon Plaintiff's counsel:

   R. Brent English, Esq.
   225 Broadway, Suite 612
   New York, NY 10007
   rbenglish_esq@att.net

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at New York, New York on this 30th day of June, 2008.

                                                                                _s/ Mason A. Weisz_____