

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

LBB CORPORATION d/b/a SPUNK
VIDEO,

                     **Plaintiff,**

    - against -

LUCAS DISTRIBUTION, INC.; LUCAS
ENTERTAINMENT, INC.; LUCAS
PRODUCTIONS, INC.; and ANDREI
TREIVAS BREGMAN p/k/a MICHAEL
LUCAS,

                   **Defendants.**

------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

**08 Civ. 4320 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiff alleges that defendants wrongfully infringed their rights to a pornographic film in violation of federal and state law. Defendants have moved to dismiss plaintiff's state law claim. For the reasons stated below, this motion is granted.

## II.    BACKGROUND

## A.    Facts[1]

Plaintiff LBB Corporation is a California corporation that produces and distributes pornographic films that are marketed toward niche audiences. Pursuant to a contract dated November 6, 2007, LBB purchased all rights to a film entitled *Nasty Piss Boys* (the "Work"), a film produced in the Czech Republic by Galaxia Studio.[2] Defendants are marketing a film entitled *Raw Twinks in Czech*, an identical or substantially similar film that features the same performers in the same sequence.[3]

## B.    Procedure

Plaintiff filed this suit on May 7, 2008, alleging violations of section 349 of the New York General Business Law ("GBL"), a consumer protection statute (count one), and of the Copyright Act (count two), and requests injunctive relief and damages.  Defendants now move to dismiss the state law claim.

## III.    APPLICABLE LAW

---

[1]    The following factual allegations, taken from the Complaint ("Compl."), are accepted as true for purposes of this motion.

[2]    *See* Compl. ¶¶ 2, 18; 11/6/07 Letter to Roman Senko of Galaxia Studio from Casey Dworkin of LBB Corp., Ex. A to Compl.

[3]    *See* Compl. ¶¶ 23, 36.  A cursory examination of the DVD cases indicates that at least one of the photographs on defendants' case is identical to a photograph on the case of the Work.

### A.    Rule 12(b)(6) – Motion to Dismiss

When deciding a defendant's motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6), the court must "accept as true all of the factual

allegations contained in the complaint"[4] and "draw all inferences in the light most

favorable to the non-moving party . . . ."[5]  Nevertheless, the court need not accord

"[l]egal conclusions, deductions or opinions couched as factual allegations . . . a

presumption of truthfulness."[6]

In deciding a motion to dismiss, the court is not limited to the face of

the complaint, but "may [also] consider any written instrument attached to the

complaint, statements or documents incorporated into the complaint by reference,

. . . and documents possessed by or known to the plaintiff and upon which it relied

in bringing the suit."[7]  However, "before materials outside the record may become

the basis for a dismissal . . . it must be clear on the record that no dispute exists

---

[4]    *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1975 (2007)
(quotation marks omitted). *Accord In re NYSE Specialists Sec. Litig.*, 503 F.3d 89,
95 (2d Cir. 2007).

[5]    *In re NYSE Specialists*, 503 F.3d at 95.

[6]    *Id.* (quotation marks omitted).

[7]    *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

3

regarding the authenticity or accuracy of the document."[8]

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[9]  To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility."[10]  Although the complaint need not provide "detailed factual allegations,"[11] it must "amplify a claim with some factual allegations . . . to render the claim *plausible*."[12]  The standard is no longer that a complaint can be dismissed only if there is "no set of facts" that plaintiff could prove "which would entitle him to relief."[13]  Rather, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations

---

[8]     *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

[9]     *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[10]    *See Bell Atl.*, 127 S. Ct. at 1970.

[11]    *Id.* at 1964. *Accord ATSI*, 493 F.3d at 98 n.2 (applying the standard of plausibility outside *Bell Atlantic*'s anti-trust context).

[12]    *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

[13]    *Bell Atl.*, 127 S. Ct. at 1969 (quoting *Conley v. Gibson*, 355 U.S. 45, 46 (1957)). *Accord id.* ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

sufficient 'to raise a right to relief above the speculative level.'"[14]

## B. Preemption

The Copyright Act expressly provides for preemption of state law.[15] "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act . . ., and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law. . . ."[16] "The first prong of this test is called the 'subject matter requirement,' and the second prong is called the 'general scope requirement.'"[17] "The subject matter requirement is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works."[18] "The general scope requirement is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal

[14]     *ATSI*, 493 F.3d at 98 (quoting *Bell Atl.*, 127 S. Ct. at 1965).

[15]     *See* 17 U.S.C. § 301(a).

[16]     *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004).

[17]     *Id.*

[18]     *Id.*

5

copyright law."[19]

"[T]he state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim."[20] "To determine whether a claim is qualitatively different, we look at 'what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced.'"[21] The court takes a "restrictive view" of what qualifies as an extra element sufficient to shield the claim from copyright preemption.[22] Nevertheless, "a state law claim is qualitatively different if it requires such elements as breach of fiduciary duty, or possession and control of chattels."[23]

### C.    Consumer Fraud

Section 349 of the GBL is a consumer protection statute. It creates a private right of action that protects consumers from "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any

---

[19]    *Id.* (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

[20]    *Id.*

[21]    *Id.* at 306 (quoting *Computer Assocs.*, 982 F.2d at 716).

[22]    *Id.*

[23]    *Id.* (citations omitted).

service in this state . . . ."[24]

"'[C]orporate competitors . . . have standing to bring a claim under [section 349] so long as some harm to the public at large is at issue.'"[25] However, "'the gravamen of the complaint must be consumer injury or harm to the public interest.' The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor."[26] "The conduct need not be repetitive or recurring but defendants' acts or practices must have a broad impact on consumers at large."[27]

## IV. DISCUSSION

### A. Preemption

Defendants argue that plaintiff's state law claim is preempted by the

---

[24]    N.Y. Gen. Bus. Law § 349(h), (a). *See also Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 344 (1999), *aff'd*, 96 N.Y.2d 201 (2001).

[25]    *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (quoting *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 786 F. Supp. 182, 215 (E.D.N.Y.), *vacated in part on other grounds*, 973 F.2d 1033 (2d Cir. 1992)).

[26]    *Id.* (quoting *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n. 6 (S.D.N.Y.1988)).

[27]    *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320 (1995) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)).

Copyright Act.[28]  The parties agree that the Work is clearly a type of work

protected by the Copyright Act.  At issue is whether plaintiff's state law claim

seeks to vindicate rights that are protected by the Copyright Act.

Section 349 requires that plaintiff allege "intentional deception" of

consumers.  In *Samara Bros. v. Wal-Mart Stores*, the Second Circuit found that

this requirement is an extra element that distinguishes a claim under that section

from a claim under the Copyright Act.[29]  Defendants have given no convincing

reason why the result here should be any different.  Thus, if plaintiff alleges

intentional deception of consumers, resulting in harm to the public at large, then

the GBL claim is not preempted.[30]

## B.    Allegation of Harm to Consumers

Defendants argue that plaintiff has failed to plead a form of harm to

consumers that is covered by section 349.  Defendants are correct.  The only harm

alleged in the Complaint is "actual confusion amongst consumers whereby the

---

[28]     *See* Motion to Dismiss First Claim for Relief for Failure to State a
Claim at 2.

[29]     *See* 165 F.3d 120, 131 (2d Cir. 1998), *rev'd on other grounds*, 529
U.S. 205 (2000).

[30]     *Accord U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158,
174 (S.D.N.Y. 2001) (holding that the Copyright Act does not preempt section
349) (citing *Samara*, 165 F.3d at 130).

public is deceived and confused into believing that the Defendants' film is

produced, provided, endorsed or authorized by Plaintiff."[31]

Courts in this district have repeatedly rejected attempts to use section

349 where the Complaint essentially alleges harm to a corporate competitor, not

the public at large. Consumer confusion does not generally suffice.[32] Because the

Complaint alleges no other harm to consumers, this claim is dismissed.[33]

---

[31]   Compl. ¶ 42.

[32]   *See Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, No.
96 Civ. 5150, 1997 WL 137443, at *3 (S.D.N.Y. Mar. 24, 1997) ("The courts of
this Circuit have held that trademark infringement actions alleging only general
consumer confusion do not threaten the direct harm to consumers that is required
to state a claim under section 349.") (citations omitted). *Accord Karam Prasad,
LLC v. Cache, Inc.*, No. 07 Civ. 5785, 2007 WL 2438396, at *2 (S.D.N.Y. Aug.
27, 2007) ("Claims that arise out of a trademark infringement action, and disputes
between competitors where the core of the claim is harm to another business as
opposed to consumers, both constitute situations which courts have found to
reflect a public harm that is too insubstantial to satisfy the pleading requirements
of § 349.") (citing *Sports Traveler*, 1997 WL 137443, at *3; other citations
omitted).

[33]   Plaintiff's Memorandum of Law alleges that defendant Michael
Lucas is intentionally deceiving the public about his involvement in the
production of pornographic films that do not involve the use of condoms. *See*
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss
("Pl. Mem.") at 8. I disregard these allegations because they do not appear in the
Complaint.

9

## V.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely granted when justice so requires." Plaintiff is granted leave to replead within twenty days of this Opinion and Order. The Clerk of the Court is directed to close this motion (document no. 9 on the docket sheet). A conference is scheduled for Monday, August 4, 2008, at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              July 14, 2008

## - Appearances -

**For Plaintiff:**

Roberto Brent English, Esq.
225 Broadway, Suite 612
New York, NY 10007
(212) 962-3195

**For Defendants:**

Mason Andrew Weisz, Esq.
Toby Michael John Butterfield, Esq.
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212) 974-7474