UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LBB CORPORATION d/b/a SPUNK VIDEO, | |
| Plaintiff, | 08-CV-4320 (SAS) |
| v. | ANSWER TO AMENDED COMPLAINT |
| LUCAS DISTRIBUTION, INC., et al. | |
| Defendants. | ECF Case |

    Defendants Lucas Distribution, Inc. ("Lucas Distribution"), Lucas Entertainment, Inc. ("Lucas Entertainment"), Lucas Productions, Inc. ("Lucas Productions") and Michael Lucas, incorrectly sued here as Andrei Treivas Bregman p/k/a Michael Lucas (collectively, "Defendants"), by their undersigned counsel, as and for their Answer to the Amended Complaint dated August 1, 2008 filed herein by Plaintiff LBB Corporation d/b/a Spunk Video, hereby allege as follows[1]:

  1.  Admit that Michael Lucas is a pornographic film star and otherwise deny the allegations of first and second sentences. Admit the third sentence except deny that Mr. Lucas engages in the mentioned activities in his personal capacity. Admit that *Raw Twinks in Czech* is a subject of this action and deny the other allegations of the fourth sentence. Deny the remaining allegations of the first paragraph, **and aver that the acts alleged in the Amended Complaint were licensed according to the terms of the written license agreement between Lucas Entertainment, Inc. and Roman Senko, the producer of the film in question, entitled *Raw Twinks in Czech*. A copy of that agreement is annexed hereto as Exhibit A, and Defendants respectfully refer the Court to said license agreement for a recitation of the terms thereof.**

---

[1] The numbered paragraphs of this Answer to the Amended Complaint correspond to the numbered paragraphs of the Amended Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except deny that LBB is the worldwide owner of all right title and interest in and to the Work.[2]

3. Admit.

4. Admit except deny that Lucas Entertainment, Inc. is organized under the laws of Delaware.

5. Admit.

6. Admit except aver that Michael Lucas's legal name is Michael Lucas, not Andrei Treivas Bregman.

7. Deny as to Lucas Productions; admit otherwise.

8. Admit.

9. Admit.

10. Deny.

11. Deny as to Lucas Productions and Michael Lucas. Admit that Lucas Entertainment operates lucasentertainment.com, lucasblog.com and michaellucas.com, and admit that Lucas Distribution operates lucasdistribution.com. Deny the remaining allegations of Paragraph 11.

12. Deny as to Lucas Productions. Admit that as an officer of Lucas Distribution and of Lucas Entertainment, Mr. Lucas has at times managed, directed and supervised certain actions of some employees and admit that in said capacity, Mr. Lucas has at times exercised certain

---

[2] Despite many requests, Plaintiff has not disclosed to Defendants a copy of Plaintiff's claimed copyright registration, if it exists. Accordingly, Defendants cannot know with certainty what it is that Plaintiff claims was infringed. For the purposes of this Answer to the Amended Complaint, Defendants will assume that the "Work" is the motion picture published as *Nasty Piss Boys*.

management and direction over some employees. Deny the remaining allegations of Paragraph 12.

    13.    Deny.

    14.    Deny as to Lucas Distribution and Lucas Productions and otherwise admit.

    15.    Admit as to some of Lucas Entertainment's films and otherwise deny.

    16.    Contains only allegations of law which require no response.

    17.    Contains only allegations of law which require no response.

    18.    Upon information and belief, admit the first, second, third and fourth sentences. Admit that Lucas Entertainment has commissioned adult gay videos from Roman Senko of Galaxia Studio and otherwise deny the allegations of the fifth sentence.

    19.    Deny the allegations of the first sentence except admit that Lucas Entertainment purchased non-exclusive rights in the film that came to be published as *Raw Twinks in Czech* via the Video Purchase Agreement (annexed hereto as Exhibit A), which contains a merger clause. Deny the allegations of the second sentence. Upon information and belief, admit the allegations of the third sentence.

    20.    Admit that Lucas Entertainment paid the full $2,000 purchase price specified in the parties' Video Purchase Agreement for nonexclusive rights in the film that came to be published as *Raw Twinks in Czech* and upon information and belief deny the remaining allegations of Paragraph 20.

    21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the last sentence. Deny the remaining allegations of Paragraph 21.

    22.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22.

23. Upon information and belief, admit.

24. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24.

25. Deny.

26. Upon information and belief, admit.

27. Admit that Plaintiff sent the letter annexed to the Amended Complaint as Exhibit E and deny the remaining allegations of Paragraph 27.

28. Deny.

29. Deny.

30. Admit.

31. Deny.

32. Upon information and belief, admit that Plaintiff retained Mr. English as counsel, admit that he sent the letter annexed to the Amended Complaint as Exhibit F, and deny the remaining allegations of Paragraph 32.

33. Upon information and belief, admit that Plaintiff offers its claimed film for sale via www.spunkvideo.com. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34.

35. Admit, but deny that such authorization was needed.

36. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36.

37. Deny.

38. Deny.

39. Deny.

40. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40.

41. Admit the allegations of the first sentence as to Lucas Distribution with a beginning date of April 4, 2008 and otherwise deny the allegations of the first sentence. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 41.

42. Admit that a photograph that appears on the DVD cover of *Raw Twinks in Czech* also has appeared on the DVD cover of Plaintiff's claimed film and deny the remaining allegations of Paragraph 42.

43. Deny.

44. Deny.

45. To the extent that any such activities have been admitted as to some defendants, admit that such activities took place without the consent, permission or authority of Plaintiff, but deny that any was needed. Deny the remaining allegations of Paragraph 45.

46. Admit that Plaintiff and its counsel made demands regarding cessation of alleged exploitation of the DVD *Raw Twinks in Czech*. Deny the remaining allegations.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Defendants repeat and re-allege their foregoing responses.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

## **DEFENSES**

Defendants' defenses include the following:

### First

Plaintiff's Amended Complaint fails to set forth any claim upon which relief may be granted. The acts alleged in the Amended Complaint at all times have been permitted by the license annexed hereto as Exhibit A.

### Second

Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction, because Plaintiff's claimed copyright registrations are nonexistent, defective or inapplicable, or were improperly obtained.

6

### Third

Plaintiff's claim for statutory damages under the Copyright Act is barred by the plain language of same, since, <u>inter alia</u>, to the extent that Defendants' alleged acts occurred, they commenced prior to the effective date of any registration of copyright in the Work, and more than 90 days after Plaintiff's publication of its claimed work.

### Fourth

Plaintiff's claims are barred by the doctrine of laches, estoppel, misuse, failure to mitigate, payment, release, waiver, acquiescence, assumption of risk, and unclean hands and by the Statute of Frauds.

### Fifth

If and to the extent that Defendants are found to have infringed Plaintiff's alleged copyright, Defendants were innocent copyright infringers.

### Sixth

If the allegations in the Complaint are true, which Defendants deny, then any damages purportedly suffered by plaintiff were not proximately caused by Defendants' alleged conduct.

### Seventh

Use by Defendants of any elements of plaintiff's claimed work, if any, is de minimis and fair use.

### Eighth

Plaintiff lacks standing.

### Ninth

Plaintiff has failed to join indispensible parties.

### Tenth

The aspects of plaintiff's claimed work allegedly infringed by Defendants are non-protectable ideas, scenes-a-faire or otherwise lack sufficient originality for protection under copyright law.

### Eleventh

Plaintiff is not entitled to injunctive relief as monetary relief sufficiently may remedy any actionable harm alleged.

### Twelfth

The injunctive relief sought is overbroad.

### Thirteenth

The Complaint fails to state facts sufficient for plaintiff to recover treble, exemplary or punitive damages.

### Fourteenth

Plaintiff lacks capacity to sue.

### Fifteenth

Defendants reserve the right to amend their answer and defenses and/or to assert additional defenses upon completion of investigation and discovery.

**WHEREFORE**, Defendants respectfully request the following relief:

1. That the Amended Complaint be dismissed in its entirety and judgment entered thereupon in favor of Defendants;

2. That Plaintiff take nothing by this action;

3. That Defendants be awarded their attorney fees and costs of suit herein as prevailing parties under 17 U.S.C. § 505; and

4. All such other and further relief as is just and proper.

Dated: New York, New York                    COWAN, DEBAETS, ABRAHAMS
       August 25, 2008                                & SHEPPARD LLP


                                             By:    s/ Mason A. Weisz
                                                 Toby M.J. Butterfield
                                                 Mason A. Weisz
                                             Cowan, DeBaets, Abrahams & Sheppard LLP
                                             41 Madison Avenue, 34th Floor
                                             New York, NY 10010
                                             Tel: (212) 974-7474
                                             Fax: (212) 974-8474

                                             *Attorneys for Defendants Lucas Distribution, Inc., Lucas Entertainment, Inc., Lucas Productions, Inc. and Michael Lucas*

# Exhibit A

VIDEO PURCHASE AGREEMENT

This Video Purchase Agreement ("Agreement") entered into as of this 7 day of JUNE, 2007, by and between Roman Senko with his principal place of business at Dr.Glazera 15/1215, Horni SuchA, 73535, in the Czech Republic, ("Seller"), and Lucas Entertainment, Inc., with its principal place of business at 589 Eighth Ave, 2nd Floor, New York, NY 10018 USA ("Purchaser").

1.   DEFINITIONS

A.   "Video" shall mean all the video, tape, film and digital images of the Models performing in a video entitled " " which, as currently edited, is approximately 120 minutes in length and contains the performances of seven (7) Models from the Czech Republic. Specifically included in this definition is all the unedited, raw footage of the performances regardless of whether the images were used in the final product.

B.   "Territory" shall mean worldwide.

2.   SALE

A. Seller does hereby sell and Purchaser does hereby acquire non-exclusive right, title and interest in and to the Video as defined above. Upon the execution of this Agreement, Seller shall deliver to Purchaser:

1. All Masters, slides, Beta Cam SP or DV Cam Mastered tape and any other tape and/or digital recording of the performances used in the making of the Video in VHS/S-VHS/BETA/DVCAM NTSC format.
2. All photographs of all the Models appearing in the Video in digital quality on CD-ROM disk.
3. All documentation required pursuant to 28 Code of Federal Regulations Part 75, 18 United States Code Section 2257, establishing the actual name, stage name, address and age of each Model appearing in the Video.
4. All agreements with each Model appearing in the Video concerning their appearance and performance in the Video.

5. All One Sheet Rom and Video Box artwork on CD with files in a layered format.

1

      6.    All Chromes, Slides (soft and hard core) and photos and video footage. behind the scenes

      7.    Signed Model Releases and 10's of all persons appearing in the Video.

      8.    All original footage for use in bloopers and segments of the DVD. behind the scenes

B. Purchaser shall have the non-exclusive right to license, manufacture, distribute, market, sell, advertise, promote and otherwise use the Video in the Territory in any manner Purchaser may, from time to time, deem appropriate.

C. Without limiting the generality of the foregoing, this Agreement specifically grants Purchaser the following rights:

    1. The right to license, manufacture, distribute, advertise, market, sell and use the Video, any portion thereof and any still image, in any form and in any manner whatsoever throughout the Territory.

    2. The right to edit, re-edit, change and modify the Video or any still image as Purchaser may desire and to lengthen or shorten the Video as Purchaser may, from time to time, deem appropriate.

    3. The right to use Purchaser's name and Trademark on the Video, packaging, promotional materials and advertising.

    4. The right to issue and authorize publicity to use, broadcast in connection with distribution and exploitation of the Video, the names, likenesses, voices and other sound effects of all members of the cast and any persons connected with the Video.

    5. The right to produce, reproduce and edit such artwork and photographs pertaining to the Video as Purchaser shall deem appropriate.

    6. The right to use excerpts, clips, stills and enhancements of the Video or any literary, dramatic or musical material contained in the Video for any purpose.

    7. The right to use the Video, or any portion thereof, and to license. same, as a streaming video on the internet.

    8. The right to initiate and prosecute such processes as Purchaser may deem appropriate to protect the rights granted to it.

3.  REPRESENTATIONS AND WARRANTIES

Seller hereby makes the following representations and warranties to Purchaser and agrees to defend and indemnify Purchaser from and against any claims or losses (including actual attorney's fees) which may arise from a breach of any of Seller's representations and warranties contained in this Agreement:

A. Seller has full and complete legal right, title and ownership in and to the Video and other items to be delivered to Purchaser pursuant to the terms of this Agreement.

B. Seller is the owner of the intellectual property consisting of the copyright in the Video.

C. The Video is free of any liens, or claims, demands, threatened or existing litigation.

D. Neither the Video nor use the stills, nor Purchaser's and exploitation of them, will copyright, violate or infringe on any of trademark, or other right constitute any person or entity, or unfair competition.

E. Seller has not entered into and will not enter into any agreement that may conflict with the rights granted to Purchaser under this Agreement.

F. All Models and performers were over the age of eighteen (18) at the time of their performance, have been paid in full, and that no royalties of any kind are due to anyone in connection with the video.

G. The Video is not in the public domain and no other person or entity has any right to use any of the images contained therein for any purpose whatsoever within the Territory.

H. Any credits that Purchaser is required to give shall be included in the titles on the Master Video when first delivered to Purchaser. If no such credits are then present, no credits need be given.

I. Seller is the sole owner of the Video and all rights associated therewith and has the sole and exclusive right to convey the rights granted herein.

J. There are no judicial or governmental agency decision, judgment, rule, order or junction which prohibits, restricts, or in any way impedes the conveyance of the rights granted herein or the ownership or exploitation of the Video.

K. No Model appearing in the Video is or was the subject of any legal inquiry, action or proceeding concerning his appearance or performance in any film, recording or photo shoot.

4. ARBITRATION

Any dispute, controversy or claim arising out of or relating to this Agreement shall be resolved by arbitration before one (1) arbitrator in the City, County and State of New York in accordance with the rules of the American Arbitration Association. The arbitrator shall be selected from the American Arbitration Association in New York County. Each party shall pay the fees, costs and expenses of the arbitrator. The decision of the arbitrator shall be final and binding.

5. MISCELLANEOUS

A. This Agreement shall be deemed made in and shall be governed by and construed in accordance with the laws of the State of New York.

B. This Agreement constitutes the entire agreement between the parties hereto, supersedes all prior oral and written agreements, and may be modified only by written instrument duly executed by each of the parties hereto.

C. If any part of this Agreement shall be invalid or unenforceable, it shall not affect the validity of the balance of this Agreement.

4

6. PAYMENT TERMS:

Purchaser will pay Seller the sum of Two Thousand Dollars ($2,000.00), US currency, upon receipt of this signed Agreement and the items set forth in Article 2A above. The funds shall be transferred to Seller in accordance with written instructions to be delivered to Purchaser.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first set forth above.

Roman Senko, Dr.Glazera 15/1215, Horni Sucha, 73535, Czech Republic

By: *Roman Senko*                    Date:   October 9, 2007

By: LUCAS ENTERTAINMENT, INC.        Date:   October 9, 2007

Michael Lucas

5